UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RAYMOND CLAUDIO,

    Petitioner,

v.                                          Case No.  3:23-cv-1460-BJD-MCR

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Petitioner, Raymond Claudio, an inmate of the Florida penal system, initiated this action *pro se* by filing a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1). He moves to proceed as a pauper (Doc. 2). Petitioner seeks to challenge a 2023 state court (Putnam County case number 2022-CF-1236) judgment of conviction for the sale of cocaine and the sale of fentanyl. *See* Doc. 1 at 1. He entered a guilty plea and was sentenced to serve an eight-year prison term. *Id.*[1] In eight Grounds,

---

[1] According to state court docket sheets, of which the Court takes judicial notice, *see* Fed. R. Evid. 201(b)(2), Petitioner pled guilty to charges in four separate cases on May 12, 2023. *See* Putnam County Clerk of Court, available at https://www.civitekflorida.com/ocrs/app/search.xhtml (last visited Dec. 18, 2023) (case numbers 2022-CF-1166, 2022-CF-1179, 2022-CF-1229, and 2022-CF-1236). "State court records of an inmate's postconviction proceedings generally satisfy [the] standard [for judicial notice under Rule 201(b)(2)]." *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649 (11th Cir. 2020).

Petitioner asserts his plea was not voluntarily entered because he was denied the effective assistance of counsel. *See generally* Doc. 1.²

Petitioner concedes he did not exhaust his state court remedies before filing this Petition. However, in his Petition and through a motion (Doc. 3), he asks that his failure to exhaust be excused because "there is an absence of available state corrective process." *See* Doc. 1 at 5; Doc. 3 at 5. In support of his motion, Petitioner contends the state court failed to send him copies of pertinent orders (of recusal and to show cause), which prevented him from timely challenging those orders; denied his motion to enforce a public records request, which frustrated his ability to "obtain evidentiary material to support his claim"; improperly struck his second amended motion for postconviction relief under Florida Rule of Criminal Procedure 3.850 on October 11, 2023; improperly banned him from filing *pro se* motions; and denied him the "right to amend his [Rule] 3.850 [motion]." *See* Doc. 3 at 4-5, 8-10. Petitioner contends, "Exhaustion of state remedies would be futile in light of the state's vindictive actions toward [him] in the past." *Id.* at 11. He claims he is "afraid to file any motions" in the state court. *Id.* at 13.

---

² Petitioner filed other federal petitions challenging his other state convictions. *See* Case No. 3:23-cv-1389-TJC-LLL (challenging the conviction in Putnam County case number 2022-CF-1179); Case No. 3:23-cv-1400-HES-LLL (challenging the conviction in Putnam County case number 2022-CF-1166); Case No. 3:23-cv-1461-HLA-JBT (challenging the conviction in Putnam County case number 2022-CF-1229).

Before bringing a § 2254 habeas action in federal court, a petitioner must exhaust all state court remedies available for challenging his state conviction. *See* 28 U.S.C. § 2254(b)(1). The relevant provision provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
> **(A)** the applicant has exhausted the remedies available in the courts of the [s]tate; or
> **(B)(i)** there is an absence of available [s]tate corrective process; or
> **(ii)** circumstances exist that render such process ineffective to protect the rights of the applicant.

*Id.* To exhaust state remedies, a petitioner must present every issue raised in his federal petition to the state's highest court. *Castille v. Peoples*, 489 U.S. 346, 351 (1989). *See also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the [s]tate's established appellate review process."). A petitioner "shall not be deemed to have exhausted the remedies available in the courts of the [s]tate within the meaning of [§ 2254] if he has the right . . . to raise, by any available procedure, the question presented." *See* 28 U.S.C. § 2254(c).

Petitioner's federal habeas Petition is premature for his failure to exhaust his state court remedies, and his failure to exhaust is not due to be excused. He has the right under the law of the state to raise the constitutional

3

claims he seeks to pursue in his Petition and, indeed, he has done so. A review of Petitioner's state court docket shows he did not seek a direct appeal from the conviction in Putnam County case number 2022-CF-1236, but he filed motions for postconviction relief under Florida Rules of Criminal Procedure 3.800(c) and 3.850, along with a host of other filings. Last month, the State requested an extension of time to respond to Petitioner's Rule 3.850 motion.

In short, Petitioner has not invoked one complete round of the "[s]tate corrective process" available to him. *See O'Sullivan*, 526 U.S. at 845. Contrary to his assertion in his motion to excuse his failure to exhaust, in Putnam County case number 2022-CF-1236, the court did not strike his second amended Rule 3.850 motion, ban him from filing *pro se* motions, or deny him a right to amend his Rule 3.850 motion. On the contrary, his Rule 3.850 motions remain pending, and there is no discernible delay that would justify excusing a failure to exhaust. *See Hughes v. Stafford*, 780 F.2d 1580, 1581 (11th Cir. 1986) (refusing to excuse exhaustion despite an eight-year delay in ruling on a state habeas petition).

Although it does appear some of the state court's orders were returned as undeliverable because Petitioner may not have updated his address, there is no indication Petitioner's rights to pursue postconviction relief in case number 2022-CF-1236 have been frustrated such that the state process has

become unavailable to him or ineffective to protect his rights. *See id.* ("[I]t would be inappropriate to waive the exhaustion requirement where the petitioner has a viable state procedure available at the same time he files his federal petition."). It appears Petitioner merely disagrees with the state judges' rulings in his various cases and wants to circumvent the state corrective process available to him.

Finding no reason to excuse Petitioner's failure to exhaust, the Court will dismiss this action without prejudice subject to Petitioner's right to file a federal petition after he has exhausted all state court remedies.[3]

Accordingly, it is

**ORDERED:**

1.   Petitioner's motion to excuse exhaustion (Doc. 3) is **DENIED**.

2.   This case is **DISMISSED without prejudice** subject to Petitioner's right to file a federal petition after he has exhausted all state court remedies.[4]

3.   The **Clerk** shall enter judgment dismissing this case without

---

[3] A stay of the proceedings is not warranted. Petitioner alleges no facts showing he had "good cause" for failing to "exhaust his claims first in state court." *See Rhines v. Weber*, 544 U.S. 269, 277 (2005).

[4] This dismissal without prejudice does not excuse Petitioner from complying with the one-year statute of limitations for raising a habeas corpus petition in the federal courts. *See* 28 U.S.C. § 2244(d).

5

prejudice, terminate any pending motions as moot, and close the file.

4.     If Petitioner appeals the dismissal of the case, this Court denies a certificate of appealability.[5] Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 19th day of December 2023.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:
Raymond Claudio

---

[5] A certificate of appealability is appropriate when a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make this substantial showing, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citation omitted), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Upon full consideration, this Court denies a certificate of appealability.